STONE, Chief Judge.
We affirm Appellant’s conviction of attempted first-degree murder and armed robbery.
The record reflects sufficient evidence to prove a premeditated design to kill. The victim and her husband were closing their restaurant. She went out the back door toward their van carrying a bag containing the day’s receipts. She was grabbed by the perpetrator, whose face was covered. She testified:
Q. After he grabbed you, what happened?
A. He shot me right away.
Q. What happened to the bag of money that you were carrying?
A. He took it.
The Florida Supreme Court defines premeditation as follows:
Premeditation is a fully formed conscious purpose to kill that may be formed in a moment and need only exist for such time as will allow the accused to be conscious of the nature of the act he is about to commit and the probable result of that act.
Kirkland v. State, 684 So.2d 732, 734 (Fla.1996) (quoting Asay v. State, 580 So.2d 610, 612 (Fla.1991)). Evidence from which premeditation can be inferred has been found to include the nature of the weapon used, the presence or absence of adequate provocation, the manner in which the homicide was committed, and the nature and manner of the wounds inflicted. See Holton v. State, 573 So.2d 284 (Fla.1990).
Appellant relies on three cases in which the supreme court found the evidence insufficient to establish premeditation; Mungin v. State, 689 So.2d 1026 (Fla.1995), cert. denied, - U.S. -, 118 S.Ct. 102, 139 L.Ed.2d 57 (1997), Kirkland v. State, 684 So.2d 732 (Fla.1996), and Terry v. State, 668 So.2d 954 (Fla.1996). However, we note that in each there was no evidence of premeditation.
In Mungin, a convenience store clerk was shot and killed but there were no eyewitnesses. In Kirkland, the victim died from a wound to the neck, and there were no witnesses. Terry involved the robbery of a couple operating a gas station. The man was held in the station’s garage while his wife was in the store. The man heard a scream, and thirty seconds later a shot. The wife was found shot to death in the store area. There were no witnesses to the shooting. The Florida Supreme Court held that there was insufficient evidence to establish premeditated murder saying:
While there is an abundance of evidence to support the conclusion that Terry shot and killed the victim during the commission of a robbery, there is simply an absence of evidence of premeditation. In fact, there is an absence of evidence of how the shooting occurred.
Id. at 964.
In this case, there is a witness and testimony as to how the shooting occurred. We find this case more analogous to Griffin v. *1175 State, 474 So.2d 777 (Fla.1985). In Griffin, the court discussed premeditation and the circumstantial evidence upon which it may be inferred, saying:
Premeditation does not have to be contemplated for any particular period of time before the act, and may occur a moment before the act. Evidence from which premeditation may be inferred includes such matters as the nature of the weapon used, the presence or absence of adequate provocation, previous difficulties between the parties, the manner in which the homicide was committed and the nature and manner of the wounds inflicted. It must exist for such time before the homicide as will enable the accused to be conscious of the nature of the deed he is about to commit and the probable result to flow from it insofar as the life of his victim is concerned.
Id. at 780 (citing Sireci v. State, 399 So.2d 964, 967 (Fla.1981)). The court went on to hold:
We find that Griffin used a particularly lethal gun ...; that there was an absence of provocation on the part of the victim (Stokes [an accomplice] testified he heard and saw nothing unusual prior to the first shot, and the victim in fact cooperated with the robbery, taking off and giving to Stokes a gold neck chain Stokes had been unable to pull off); and that the wounds, one lethal, the other less serious, were inflicted at close range and thus unlikely to have struck the victim unintentionally. This is sufficient to support a finding of premeditation.
Id. at 777.
Here, we find that Appellant used a lethal weapon, a gun; there was an absence of provocation on the part of the victim; and the wounds were inflicted immediately and at close range. This is sufficient to support a finding of premeditation. We also find no error as to the other issue raised.
STEVENSON and SHAHOOD, JJ., concur.